UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————

ANSON C. WHITTED,

Plaintiff,

-against-

U.S. Customs and Border Protection,

Defendant.

———————————

COMPLAINT

———————————

For Judicial Review of Administrative Action,
and For Return of Seized Property Relief

Docket No._____

25 CV 6412-V

*[Stamp: UNITED STATES DISTRICT COURT FILED AUG 1 2 2025 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY]*

ANSON C. WHITTED, DIN #23-B-5062, Attica Correctional
Facility, 639 Exchange Street Road, Attica, New York 14011, is
the Plaintiff appearing Pro-se in this matter.

Plaintiff allege as follows:

INTRODUCTION

1. This is an action under the judicial review provisions of
the Federal Administrative Procedure Act ("APA"), 5 U.S.C.A §§
702 et seq and the Civil Asset Forfeiture Reform Act of 2000
("CAFRA") 18 U.S.C. § 983(e)(5). Plaintiff ANSON C. WHITTED
(Plaintiff) challenges the July 9, 2025 action by the U.S.
Customs and Border Protection seizing the Plaintiff's $5,350 U.S.
dollars and white gold Jesus necklace with diamonds on the
grounds that said items were the proceeds of unlawful activity
and proceeds traceable to controlled substances as reflected in
the U.S. Customs and Border Protection's decision citing  Title

19, Code of Federal Regulations, Section § 171.62(a) as
exhausting its administrative process.

JURISDICTION

2. This court has jurisdiction over this action under 5
U.S.C.A. §§ 702 and 704, and 28 U.S.C.A. § 1331.

3. An actual controversy exist between the parties within
the meaning of 28 U.S.C.A. §§ 2201 and 2202.

BACKGROUND

4. On July 14, 2023, in the City of Grand Island, NY @
around 11:20 am, members of the Erie County Sheriff's Office
Narcotics and Intelligence Unit (ECSONIU) stopped the vehicle
petitioner was driving for an alleged traffic violation. At said
time, the vehicle was occupied by petitioner, the mother of his
youngest son (Taylor Jones) and his youngest son (Ayson Whitted).
The Supervisor of the ECSONIU team then proceeded to inform the
petitioner that they had a search warrant to search him and the
vehicle, and that a search of his home was being conducted as
well and that petitioner had to be detained while the search of
his home was being conducted. The said search warrant was issued
by NYS, Erie County, Judge Betty Calvo-Torres on July 13, 2023.

5. Upon being informed that items of interest was found in
petitioner home, the Supervising Officer of ECSONIU placed
petitioner under arrest stating to him that, "drugs, weapons, and
drug paraphernalia" was found at his residence, and petitioner's
youngest son and the child's mother was allowed to call a cab and
leave. Upon petitioner's person at the time of the arrest, he had
$5,350 US Currency  in his pocket and (1) white gold Jesus

necklace with diamonds that he was wearing.

6. Petitioner was then taken to the Erie County Holding Center in Buffalo, New York for processing as a pre-arraignment detainee. Petitioner was arraigned at the Grand Island Town Courthouse on July 17, 2023, and formally charged with violating New York State Penal Law sections as follows: (1) Penal law 220.21(1), (2) Penal Law 220.16(12), (3) Penal Law 265.03(1A), (4) Penal Law 165.45(4), (5) Penal Law 220.50(2), (6) Penal Law 220.16(1), (7) Penal Law 265.03(1B), (8) Penal Law 265.03(2), (9) Penal Law 220.50(1) and (10) Penal Law 220.50(3).

7. After petitioner was arraigned and remanded back to the Erie County Holding Center, petitioner made a phone call to Ms. Taylor Jones and requested her to come visit with him so he could have his personal property, to wit: the above-mentioned funds and jewelry, released to her. Upon petitioner's belief, his phone call was being monitored and therefrom "someone" arbitrarily contacted Detective Justin Bauer who in turn applied to New York State, Erie County, Supreme Court Judge Suzanne Maxwell-Barnes for a warrant to prevent the said property from being released to Ms. Jones on the pretext that said property was "unlawfully possessed" because it represented "proceeds from illicit drug trafficking" which in turn Judge Maxwell-Barnes issued a warrant, pursuant to New York's Criminal Procedure Law section 690.35, to have said property brought to her on July 17, 2023.

8. In lieu of having the case presented to an Erie County Grand Jury, petitioner's attorney James McLeod, Esq. was able to negotiate a pre-indictment plea deal with the Erie County

3.

District Attorney's Office where petitioner was able to plead guilty to Penal Law § 220.18(1) [Criminal Possession of a Controlled Substance in the Second Degree] and Penal Law § 265.03(2) [Criminal Possession of a Weapon in the Second Degree] in full satisfaction of all potential charges; and as such, the said plea was formalized on August 21, 2023, before the Hon. Judge Boller, J.S.C..

9. On October 31, 2023, before the Hon.M. William Boller, J.S.C. of Erie County, for the above-mentioned offenses petitioner was sentenced to 8 years of imprisonment to be served in the New York State Department of Corrections and Community Supervision. Petitioner is now serving the said prison term in the New York State Prison System.

10. On June 13, 2020, nearly 3 years and 1 month before petitioner got arrested on July 14, 2023, his wife at the time (Kylette Whitted) whom was a retired honorarily discharged and disabled Veteran who received $4k for years as monthly income from the U.S. Government as well as an additional $800.00 monthly from Rental Property. From this income petitioner and his wife had tremendous lawfully obtained financial savings; and as such, from the said lawful savings, on June 13, 2020 via his wife, petitioner purchased the above-mentioned Necklace Jewelry for $15,172.41 from Prudential Jewelers located @ 1036 Broadway, Buffalo, N.Y. 14212 (Copy of said receipt was presented during the administrative process and went unrebutted).

4.

11. During Fiscal Year 2023, petitioner's primary source of income stemmed from his lawful activities as a freelance High-End cars seller. Each month, by average, petitioner would sell 3-4 cars allowing him to profit $2500.00 per transaction and netting an income of $7500-$10,000 monthly. The $5,350 found on petitioner's person when he was arrested on July 14, 2023 were funds from his savings as a freelance High-End car seller for fiscal year 2023 (this too went unrebutted during the administrative process).

12. The drugs and weapons recovered by the ECSONIU from petitioner's home on July 14, 2023 were not items that petitioner trafficked into Erie County, nor were said items possessed by petitioner for illicit market purposes, but rather, petitioner had allowed a close friend of his -- who he refused to identify for obvious reasons, to store said items in his home free-of-charge because his said close friend was fearful that law enforcement was closing-in on his normally used stash-house. This view was present during the administrative proceedings and went unrebutted as well.

13. On or around August 13th or 14th, 2023. petitioner received via mail, a Notice of Seizure and Information while he was confined in the Erie County Correctional Facility, and after trying to comprehend the said paperwork, on or around September 7th, 2023, petitioner placed in the mail his response that was recognized to be his original petition and signed Election of Proceedings.

5.

14. Although under the authority of <u>Houston v. Lack</u>, 487 U.S. 266 (1988) and <u>Tapia-Ortiz v. Doe</u>, 171 F.3d 150, 152 (2d Cir. 1999) petitioner's original petition requesting court action was timely filed via him timely placing same in the "prison mailbox", on September 15, 2023 the CBP sent petitioner a letter stating the "he had selected two conflicting options and that the time to file a CAFRA claim had expired", and on February 13, 2024 the CBP issued a petition decision denying petitioner relief from forfeiture.

15. On March 4, 2024, petitioner filed with the CBP office a timely supplemental petition requesting remission of the said $5,350 and white gold Jesus necklace which was referred to CBP Headquarters for their review and recommendation (Copy Attached Exhibit A).

16. After all these submissions occurred, the CBP Headquarters accompanied by the cover letter dated July 9, 2025 issued an exhausted administrative decision affirming the CBP decision of February 13, 2024 and also denying petitioner's supplemental petition. A copy of said decision is annexed herewith.                    POINTS OF ISSUE

17. POINT ONE: Title 19 C.F.R. § 162.21(c) states "Seizure by State Official. If a duly constituted State official has seized any merchandise, vessel, aircraft, vehicle, or other conveyance under provisions of the statutes of such State, such property shall not be seized by a Customs officer unless the

property is voluntarily turned over to him to be proceeded against under the Federal statutes." It's petitioner's position that the Federal seizure proceedings were barred by this provision because the petitioner's property was arbitrarily taken by the CBP to initiate the Federal seizure proceedings against petitioner's property. The respondent has not specifically demonstrated how the said property was "voluntarily turned over" to CBP; and for this reason, the petitioner's money and jewelry must be returned to him.

16. POINT TWO: The CBP failed to prove that the funds and jewelry had a "substantial connection" to illegal activity (18 U.S.C.A. § 983(c)(3)). As put forth above, the petitioner's funds were begotten by lawful means, and the jewelry was as well. In this matter, the jewelry and money was on the petitioner's person. There was no trace of drugs on the funds or jewelry, and the drugs did not belong to the petitioner. His fingerprints or other DNA elements was never found on the packaging. The mere fact that petitioner allowed a friend to store weapons and drugs at his home does not automatically make petitioner's lawfully gained items ill gotten gains. The petitioner's necklace was purchased years before the arrest in question, and his funds derived from his savings from lawful activities, and the CBP did not bring forth no evidence demonstrating said items were derived from illegal activities via a "substantial connection". Because

7.

this is so, the said items must be returned to the petitioner. See, U.S. v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account, 731 F3d 189 (2d Cir. 2013).

## LEGAL PRINCIPLES

17. Under 21 U.S.C. § 881(a)(6),

The following shall be subjected to forfeiture to the United States and no property right shall exist in them: ... All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter. id.

18. "[T]he burden of proof is on the government to establish, by a preponderance of the evidence of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). And where, as here, "the [g]overnment's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the [g]overnment shall establish that there was a substantial connection between the property and the offense." id. § 983(c)(3).

19. For suspected drug proceeds, that does not means a links "between the property and any specific drug transaction," but it does mean that the government must demonstrate that "based on a totality of the circumstances, ... the property [was] substantially connected to narcotics trafficking." U.S. v. $16,037.00 US Currency, 2022 WL 3701197 *3 (WDNY, 2022); United

States v. Currency v. U∪SU Currency in Sum of One Hundred Eighty-
Five Thousand Dollars ($185,000), 455 F.Supp.2d 145, 14꜉ (EDNY,
2006) (emphasis added)(citing United States v. Funds in Amount
of Thirty Thousand Six Hundred Seventy Dollars, 403 F.3d 448,
467-70 (7th Cir. 2005) (additional citation omitted). In other
words, the government must show a substantial connection to "drug
t∦afficking"; a connection to criminal activity generally is not
enough. US v. 16,037∪00 US Currency, supra; See US v. US
Currency, $30,060∪00, 3꜉ F3d 103꜉, 1044 (9th Cir. 1994).

20. In this matter, the CBP has not put forth "any" evidence
whatsoever that when the petitioner purchased his jewelry over 3
years prior to h∦s arrest that its was the product of any drugs
activity and the same goes for the funds on the petitioner's
person which was not in the same location where the criminal
items were located. Further, just like other items of value, i.e.
petitioner's vehicle, furniture and etc. was not targeted which
held greater value than the items which CBP subjectively
targeted.

CONCLUSION

In light of the foregoing, the plaintiff's property must be
returned to him respectfully.

Respectfully submitted,

Dated: 08-07-2025

Anson C. Whitted
23-B-5062, Attica C.F.
63꜉ Exchange St. Rd.
Attica, N.Y. 14011

I, Anson C. Whitted, affirm under the penalty of Perjury the
foregoing is true and correct to the best of my knowledge.

9.

EXHIBITS
REFERENCED

EXHIBIT "A"

# PROPERTY RECEIPT

**Erie County Sheriff's Office**
10 Delaware Ave
Buffalo, NY 14202

☐ Property of Deceased    ☐ Found Property    ☐ Safe Keeping

☐ Evidence    ☐ Stolen/Recovered    ☐ Other _____

Case # 23-055386    Time/Date Impounded 7/17/2023

| Address where property was impounded (Exact location where property was located): | Type of case: |
|---|---|
| 40 Delaware Ave Buffalo NY | Narcotics |

| Discovered by: | Address: | Phone: |
|---|---|---|
| | | |

| Owner: | Address: | Phone: |
|---|---|---|
| Anson Whitted | 98 Carl Rd. Right Grand Island NY | |

| Item No. | Quantity | Description |
|---|---|---|
| 1 | 1 | Silver Chain |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

I hereby acknowledge that the above list represents all property taken from my possession and that I have received a copy of this receipt.

_____ Date _____
(Signature)

I hereby acknowledge that the above list represents all property impounded by me in the official performance of duty as a Deputy Sheriff.

_____ Badge# D89
(Impounding Deputy)

Received by: _____ Reason: _____ Date & Time: _____

Received by: _____ Reason: _____ Date & Time: _____

Received by: _____ Reason: _____ Date & Time: _____

Received by: _____ Reason: _____ Date & Time: _____

F8-3151 (Rev. 6/14)

*141372*

**SEARCH WARRANT**

Pursuant to Section 690.05 Et Seq. of the Criminal Procedure Law

ERIE COUNTY COURT
COUNTY OF ERIE, NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO: Any Police Officer/Task Force Personnel

Proof, by affidavit, having been this day made before me, by
Detective Justin Bauer that there is probable cause to believe, Pursuant to
Section 690.10 C.P.L. that certain property is unlawfully possessed, TO WIT:
Proceeds from illicit drug trafficking

YOU ARE THEREFORE, COMMANDED, within 10 days of the date of issuance of this
WARRANT (during anytime of the **day**) to make an immediate search of the property;

All property in custody at the Erie County Holding Center belonging to Anson C.
Whitted (DOB: 07/10/1981).

for the following: Proceeds from illicit drug trafficking to include cash,
jewelry, and any personal papers or documents or cellular telephones-photographs
and data therein.

        YOU ARE, THEREFORE, FURTHER COMMANDED to enter said property, without
giving notice of authority and purpose pursuant to Section 690.35 of the
Criminal Procedure Law, and if you find the same or any part thereof, to bring
it forthwith before me at the Erie County Court, Erie the County of Erie, New
York.

Dated at the said County of Erie, New York
The 17th day of July, 2023 at    : A M
                                11:44

Honorable Judge Suzanne Maxwell Barnes
Erie County Court Judge

# SHERIFF'S DEPARTMENT

## ERIE COUNTY HOLDING CENTER
### BUFFALO, NEW YORK

### PRISONER'S PROPERTY RECEIPT

CELL NO.: _____    DATE: 7/14/__  20 ___

NAME: Whittle, Anson

CASH ON DEPOSIT    $ _____

ARTICLES:

1 - Wallet w/cards
1 - NYS Drivers License
1 - Rolls Pall Cup
1 - _____
_____

Permission to open my mail is hereby granted.

X _____
                                        INMATE

SEARCHED: _____
                                        DEPUTY

APPROVED: _____
                                        DEPUTY

F8-3150 ECHC (Rev. 3/06)

Id# 141372

**U.S. CUSTOMS AND BORDER PROTECTION**
**CAFRA SEIZED ASSET CLAIM FORM**

* complete only if Box #4 selected on Election of Proceedings *

Name: Anson C. Whitted    Case Number: 2023090100050801

Address: Erie Co. Corr. Fac.    Telephone No: (___)_____

11581 Walden Ave

Alden, NY 14004

**IMPORTANT:** BE SURE TO COMPLETE ALL PARTS BELOW.
THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER
SELF, **NOT** BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING
ON BEHALF OF THE CLAIMANT.

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a
complaint for forfeiture on the seized property described below:

**PART I**

List all the items in which you claim an interest. Include sufficient information to
identify the items, such as serial numbers, make and model numbers, aircraft tail
numbers, photographs, and so forth. Attach additional sheets of paper if more space is
needed.

**PART II**

State your interest in each item of property listed above. Attach additional sheets of
paper if more space is needed.

**PART III (ATTESTATION AND OATH)**

I attest and declare *under penalty of perjury* that the information provided in support
of my claim is true and correct to the best of my knowledge and belief.

Anson C. Whitted    9/8/2023
Name (Print)    Date

Anson Whitted
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO
PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE
BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

(see attached)

(ATT 8-H: Revised November 2014)

**ELECTION OF PROCEEDINGS - CAFRA FORM**

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at FPF OFFICE, 726 EXCHANGE ST, SUITE 400, BUFFALO, NY 14210.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number 2023090100050801.

Check ONLY ONE (1) of the following choices:

☒ **1. I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ **2. I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ **3. I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☒ **4. I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION .** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

Anson C. Whitted          9 / 8 / 2023
Name (Print)              Date

_(signature)_
Signature

nson L. Whi[...]  Case 6:25-cv-06412-MAV   Document 1   Filed 08/12/23 ? Page 17 of 38  ??

· 141372

# U.S. Customs And Border Protection
## Seized Asset Claim Form

Part I: Items Seized are
$5,350 U.S. Currency

① White Gold Jesus Necklace
with diamonds

Those items were seized by
the Erie County Sheriff's Office
by Search Warrant issued by
Erie County Court Judge.
Claimant has no understanding
why the U.S. Customs and
Border Patrol has those items??
I hereby contest those allegations
and make a claim that those
items where obtain legally.

Part II: Claimant State's I am

the "owner" of those Funds
and the necklace, I bought those
items with my own money from
working. And I sold a few
cars that I previously owned.
Furthermore, Claimant is

currently in the Erie County Jail, in which it is difficult to obtain the necessary documents from the sales of the cars. I do have a recipt for the necklace in which I will be submitting to the forfeiture court soon as it becomes aviable to me.

The funds in this matter are pretty much my living expenses, in which I'm currently looking to file a chapter 11 Bankrupcy, because I'm in debt on all my credit cards, I lost my house, And pretty much everything of value. I also owe almost $40,000 for a car that I was paying a car note every month. It's currently being repossed by the bank. I'm currently waiting on (5 Star bank) to seize the car for none payment.

I'm also a father of 5 with my 2 youngest children are 6 years old, And 2 year old

who I worked to provide
for. They are currently struggling
without me being there to help
with raising. My interest is
heavily invested into the
seizure placed on me.

Part III:

I (Anson C. Whitted)
delcare under the penalty of
purury that the information
provided in support of my claims
is true and correct to the
best of my knowledge and
belief

September 5th 2023

Anson C. Whitted

Anson C. Whitted

**ELECTION OF PROCEEDINGS - CAFRA FORM**

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at FPF OFFICE, 726 EXCHANGE ST, SUITE 400, BUFFALO, NY 14210.

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number 2023090100050801.

Check ONLY ONE (1) of the following choices:

☐ 1.  **I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ 2.  **I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ 3.  **I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☐ 4.  **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION** . Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____          _____

Name (Print)                                    Date


_____

Signature

letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R. §§ 171.1, 171.2), seeking the remission of the forfeiture. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. Examples of proof of interest include, but are not limited to, a car title, loan agreement, or documentation of the source of funds. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing. You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the Fines, Penalties and Forfeitures Officer to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be administratively forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. *Please see section 4 of this letter for information on how to request judicial action.* If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2. **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. *This option may serve to delay the case.* If you choose this option, you must check Box 2 on the "Election of Proceedings" form.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under 18 U.S.C. § 983(a)(2)(C). If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3. **Abandon:** You may abandon the property or state that you have no claim to or interest in it. <u>If you choose this option, you should check Box 3 on the "Election of Proceedings" form.</u> The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4. **Court Action:** On or before 35 days after the date this notice of seizure is mailed, you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3). <u>If you choose this option, you should check Box 4 on the "Election of Proceedings" form,</u> and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:** If you choose to do nothing, this office may initiate forfeiture action. <u>The first notice will be posted on or about 35 days from the date of this letter.</u>

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.

For property appraised at $5,000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at <u>www.forfeiture.gov</u> and in for 30 consecutive days.

**Release on Payment:** If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property. <u>You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form.</u> The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:** If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options. No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

<u>All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.</u>

(ATT 8-B; Revised November 2014)

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose. *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture*. Important: If these forms are not enclosed with this letter, please promptly call the telephone number below.

All correspondence should be addressed to U.S. Customs and Border Protection, FPF OFFICE, 726 EXCHANGE ST, SUITE 400, BUFFALO, NY 14210.   If further information is required, contact KARA KERN at Fines, Penalties and Forfeitures Office at (716) 843-8512 or KARA.KERN@cbp. dhs.gov.   All inquiries should reference the case number.

Sincerely,

Signed in SEACATS by KARA KERN on behalf of MICHAEL
MCGARVEY, FPFO on 06/08/2023 08:18:19 EDT

# KARA KERN

MICHAEL MCGARVEY
Fines, Penalties and Forfeitures Officer

Enclosures:   CAFRA Election of Proceedings
CAFRA Seized Asset Claim Form

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO
PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE
PUNISHABLE BY A FINE AND IMPRISONMENT

Larkin at Exchange
726 Exchange St, Suite 400
Buffalo, New York 14210

 **U.S. Customs and Border Protection**

September 15, 2023

Anson Whitted – ICN # 141372
Erie County Correctional Facility
11581 Walden Avenue
Alden, NY 14004

      Re: Port Case No. 2023090100050801

Dear Mr. Whitted:

This correspondence is in response to your submission received in our office on September 13, 2023, regarding the above referenced case number, asking for the return of $5,350.00 in U.S. Currency and (1) white gold Jesus necklace with white diamonds. Your submission included the 'Election of Proceedings – CAFRA Form' with two contradictory options selected. Box #1 was checked, requesting our office to consider your submission as a petition, as well as box #4, requesting that your submission be filed as a claim and referred for court action.

At this point, our office would allow you the option to file a petition, as the time expired before receipt of these documents to allow them to be processed as a claim. Please reply to this letter by **November 1, 2023,** stating that you would like CBP to process your submission as a petition. I note in your letter you stated that the necklace was purchased with money you were paid from working, and that the U.S. currency was obtained from the recent sale of several cars. Any financial documents or receipts that you could provide to help with review of this matter and show that the currency is not derived from proceeds traceable to trafficking controlled substances is appreciated. If no response is received, our office will proceed with administrative processing.

Please return your response and any additional documentation to our office by **November 1, 2023** at: U.S. Customs and Border Protection/FP&F, 726 Exchange Street, Suite 400, Buffalo, New York 14210. Should you require further information please contact Paralegal Specialist Kara Kern at 716-843-8412 or kara.kern@cbp.dhs.gov.

Sincerely,

*Kara Kern*

For/   Michael McGarvey
      Fines, Penalties, and Forfeitures Officer

Anson Whitted #141372
Erie Co. Correctional Facility
11581 Walden Ave
Alden, NY 14004

October 9th 2023

U.S. Customs and
Border Protection
726 Exchange St. Suite 400
Buffalo, NY 14210

Re: Port Case No. 2023090100050801

Dear Sir/Madam,

This correspondence is in response to your letter dated September 15th 2023.

In your submission you mentioned that my submission wasn't "timely" filed for a claim? I would submit to you that my claim was timely filed and in the custody of the postal service on the 8th of September

2023. It was mailed from Erie County Correctional facility, which I'm currently a prisoner of. Inmate's has no oversight of the facility mailing system, or how they send out our mail.

The lapse of 4 days is not a long period for your office to deem my claim not timely filed. But in any event accept my claim as filed as received.

As you should know I'm proceeding "PRO Se" on this matter and I would advise your office to freshen up on the rules for Pro se litigants. Especially prisoners proceeding "PRO Se", before you place restrictions or time constraints. I do not have the resources to provide proper documention, or to do things in a super timely manner.

Futhermore, I would like to bring your attention to 18USC§983 (c) Burden of Proof. (1)(2)(3). The Government has the burden of proofing by a preponderance of evidence, that the property is

subject to forfeiture. As I stated in my intial Claim. Its not clear how the U.S. Government obtain said property. I haven't violated any federal Laws. to which would give the Border patrol rights to sieze property.?

Furthermore, I would like to request I be provided with an attorney to represent me. I do not have the funds to get one myself.

I will be waiting for a response on how to proceed next. Where's your proof that I was trafficking controled substance's, to give rise to a forfeiture?? I'm ready to go to Court.

Sincerly

Carlton W feather

CC: Aw/file

Larkin at Exchange
726 Exchange St, Suite 400
Buffalo, New York 14210



**U.S. Customs and
Border Protection**

December 12, 2024

Anson Whitted – DIN # 23B5062
Attica Correctional Facility
Box 149
Attica, NY  14011

      Re: Case Number 2023090100050801

Dear Mr. Whitted:

This correspondence is in response to your letter received in our office on December 11, 2024, inquiring about the status of the supplemental petition you had submitted.  On May 21, 2024, this office advised that your supplemental petition was received on March 5, 2024, and in accordance with CBP policy, was referred to CBP Headquarters on March 19, 2024, for their review and recommendation.   CBP Headquarters reviews cases from across the U.S., in the order that they are received.   A request for a status update was sent to CBP Headquarters on December 12, 2024, and they advised that a decision is still pending at this time.  Our office will notify you accordingly once a determination has been made.

If you have any questions, please contact Kara Kern, Paralegal Specialist, at (716) 843-8412 or kara.kern@cbp.dhs.gov.

Sincerely,

Michael McGarvey
Fines, Penalties and Forfeitures Officer

Larkin at Exchange
726 Exchange St, Suite 400
Buffalo, New York 14210



**U.S. Customs and
Border Protection**

February 13, 2024

Anson Whitted – DIN # 23B5062
Attica Correctional Facility
Box 149
Attica, NY 14011

Re: Case Number 2023090100050801

Dear Mr. Whitted:

This correspondence is in response to your submissions received in our office on September 13, 2023 and October 9, 2023. Your first submission included the 'Election of Proceedings – CAFRA Form' with two contradictory options selected. Box #1 was checked, requesting our office to consider your submission as a petition, as well as box #4, requesting that your submission be filed as a claim and referred for court action. A letter for clarification was sent to you on September 15, 2023 stating that your documents were received untimely and could not be processed as a claim, but afforded you the option to have CBP process your submission as a petition. Your second submission argued that your claim was timely filed, and you again said you wanted to submit a claim and requested that CBP refer this case for court action. On December 7, 2023 a second letter for clarification was sent to you, reiterating that your submission was not received by our office within the allotted timeframe to choose the option to file a claim, and again gave you the option to have CBP process your submission as a petition. It was also stated that if no response was received within 60 days, then our office was going to proceed with administrative processing.

No response was received, and as such, our office is proceeding with administrative processing. Accordingly, it is our decision to deny relief due to the lack of supporting documentation provided to show that the necklace was not purchased with, and the currency was not derived from, proceeds traceable to trafficking controlled substances. If you are dissatisfied with the decision, within thirty (30) days from the date of this letter, you may submit a supplemental petition in accordance with 19 C.F.R. § 171. The supplemental petition should include any information or documentation that would justify relief from forfeiture and should be sent to: Fines, Penalties and Forfeitures Office, 726 Exchange Street, Suite 400, Buffalo, New York 14210. Failure to respond within thirty (30) days will result in the commencement of administrative forfeiture proceedings. The port case number should be referenced on all correspondence.

If you have any questions, please contact Kara Kern, Paralegal Specialist, at (716) 843-8412 or kara.kern@cbp.dhs.gov.

Sincerely,

*Michael McGarvey*

Michael McGarvey
Fines, Penalties and Forfeitures Officer

Anson Whitted
DIN 423B5062
Attica Corr. Fac.
Box 149
Attica, N.Y. 14011

Fines, Penalties and Forfeitures Office
726 Exchange St. Ste. 400
Buffalo, N.Y. 14210

Re: Case Number 2023090100050801

    Pursuant to the  Communication by Michael McGarvey of your
office dated February 13, 2024, I, Anson Whitted, hereby submit
this document as a Supplement petition in accordance with 19
C.F.R. § 171 relative to the above-mentioned case number any say:

    1) On July 14, 2023, in the City of Grand Island, N.Y. @
around 11:20 am, members of the Erie County Sheriff's Office
Narcotics and Intelligence Unit (ECSONIU) stopped the vehicle I
was driving for an alleged traffic violation. At said time, the
vehicle was occupied by me, the mother of my youngest son (Taylor
Jones) and my youngest son (Ayson Whitted). The Supervisor of the
ECSONIU then proceeded to tell me that they had a warrant to
search me and my vehicle, and that a search of my home was being
conducted as well and that I had to be detained while the search
of my home took place. The said search warrant was issued by
Judge Betty Calvo-Torres on 7/13/23.

    2) Upon being informed that items of interest was found in
my home, the Supervising Officer of ECSONIU placed me under
arrest  stating  to  me  that,  "drugs,  weapons,  and  drug
paraphernalia" was found at my residence, and my youngest son and
his mother was allowed to call a cab and leave. Upon my person at
the time of my arrest, I only had $5, 350.00 of U.S. currency and
(1) white gold Jesus necklace with diamonds that I was wearing.

    3) I was then taken to Erie County Holding Center in
Buffalo, N.Y. for processing, as a pre-arraignment detainee. I
was arraigned at the Grand Island Town Courthouse on 7/17/2023,
and formally charged with violating N.Y.S. Penal Law sections:
(1) PL 220.21(1), (2) PL 220.16(12), (3) PL 265.03(1A), (4) PL
165.45(4), (5) PL 220.50(2), (6) PL 220.16(1), (7) PL 265.03(1B),
(8) PL 265.03(2), (9) PL 220.50(1), and (10) PL 220.50(3).

    4) After i was arraigned and remanded back to the Erie
County Holding Center, I made a phone call to the mother of my
youngest child---Ms. Taylor Jones---and requested her to come
visit with me so I could have my personal property, to wit: the
above-mentioned funds and jewelry, Released to her. Upon belief,

1

my phone call was monitored and therefrom "Someone" arbitrarily contacted Det. Justin Bauer who in turn applied to Judge Suzanne Maxwell-Barnes for a warrant to prevent the said property from being released to Ms. Taylor Jones upon the pretext that my said property is "unlawfully possessed" because it represents "proceeds from illicit drug trafficking" which therefrom Judge Maxwell-Barnes issued a warrant, pursuant to N.Y.'s C.P.L. section 690.35, to have my said personal property brought to her on July 17, 2023.

5) In lieu of having the case presented to an Erie County Grand Jury, my attorney James McLead, Esq. was able to negotiate a plea deal with the Erie County District Attorney Office where i would plead guilty to P.L. 220.18(1) [Criminal Possession of controlled substance in the Second degree] and P.L. 265.03(2) [Criminal Possession of a Weapon in the Second degree] in full satisfaction of all potential charges; and as such, the said plea was formalized on August 21, 2023, before the Hon. Judge Boller, J.S.C.

6) On October 31, 2023, before the Hon. M. William Boller, J.S.C. of Erie County, for the above-mentioned offenses I was sentenced to 8 years of imprisonment to be served in the New York State Department of Corrections and Community Supervision. I am now serving the said prison term in the New York State Prison System.

7) Now, on 6/13/20, nearly 3 years and 1 month before I got arrested on 7/14/23, my wife at that time was Kylette Whitted whom at the time was a retired honorarily disabled Veteran who received $4K for years monthly from the U.S. Government as well as an additional $800.00 monthly from Rental Property. From this income we had tremendous lawfully obtained financial savings; and as such, from the said lawful financial savings on 6/13/20 thru my wife---at home---I purchased the above-mentioned Necklace Jewelry for $15,172.41 from Prudent Jewelers located @ 1036 Broadway, Buffalo, N.Y. 14212 (Copy of Receipt is attached).

8) During Fiscal Year 2023, my primary source of income stemmed from my activities as a Freelance High-End Cars Seller. Each month, by average, I would sell 3-4 cars allowing me profit $2500.00 @ transaction and netting an income of $7500-$10,000 monthly. The $5,350.00 I had on my person when I was arrested on July 14, 2023 is funds from my savings as a freelance High-End car seller for fiscal year 2023.

9) The drugs and weapons recovered by the ECSONIU from my home on July 14, 2023, were not items that I trafficked into Erie County, nor were said items possessed by me for illicit market purposes, but rather, I allowed a close friend of mines who I refused to identify---to store said items at my home free-

of-charge because my said close friend was fearful that law enforcement was closing in on previous stash-house.

## POINTS FOR RELIEF

10) <u>Point One</u>: Because the seizure warrant issued against my above-mentioned personal property by Judge Barnes on 7/17/23 was based upon my personal property being categorized as proceeds from "drug trafficking" when none of the criminal conduct attributed to me fell under the legal definition of "Drug trafficking Felony" as defined under New York's Penal Law § 10.00(21), the warrant was invalid to be used to confer my said personal property to the U.S. Customs & Border Protection Agency for potential Federal Forfeiture proceedings.

11) <u>Point Two</u>: I did <u>not</u> have any pending Federal Criminal Action pending against me, pursuant to New York's C.P.L. § 690.55(2), Judge Barnes did not have lawful authority to transfer my said personal property to the U.S. Customs & Border Protection Agency for potential Federal forfeiture proceedings.

12) <u>Point Three</u>: Because my above-mentioned necklace and charm (Jewelry) was lawfully purchased as spelled-out in paragraph #7 above, the said jewelry must be returned unto me forthwith.

13) <u>Point Four</u>: Because my above-mentioned $5,350.00 found on my person was funds that derived from lawful activities as spelled-out in paragraph #8 above, the said funds must be returned unto me forthwith.

## CONCLUSION

In light of the foregoing, I respectfully request that my above-mentioned personal property be returned unto me forthwith.

I, <u>Anson C. Whitted</u>, declare, under the penalty of perjury, the foregoing is true and correct based upon personal knowledge, unless otherwise stated.

Dated: *February 27, 2024*

Respectfully Submitted,

*Anson C. Whitted*
Anson C. Whitted
DIN #23-B-5062
Attica Corr. Fac.
Box 149
Attica, N.Y. 14011

*Petitioner's Copy...*

3

CBP'S FINAL ADMINSTRATIVE DECISION

Larkin at Exchange
726 Exchange St, Suite 400
Buffalo, New York 14210



**U.S. Customs and**
**Border Protection**

July 9, 2025

Anson Whitted – DIN # 23B5062
Attica Correctional Facility
Box 149
Attica, NY 14011

      Re: Case Number 2023090100050801

Dear Mr. Whitted:

This correspondence is in response to the supplemental petition you submitted to our office, requesting the return of $5,350.00 in U.S. Currency and a white gold Jesus necklace with diamonds. In accordance with CBP policy, the supplemental petition was referred to CBP Headquarters for their review and recommendation.

Attached please find the decision memo received from CBP Headquarters. In sum and substance, the memo states that a violation did occur, and your request for remission of the currency and necklace is denied. This exhausts the administrative process, and as such, the property has been administratively forfeited, and the case closed.

Sincerely,

Christine Spence
Acting Fines, Penalties and Forfeitures Officer

Enclosure



1300 Pennsylvania Avenue, NW
Washington, DC 20229

**U.S. Customs and
Border Protection**

TO:       Michael McGarvey
          Fines, Penalties and Forfeitures Officer
          Buffalo, New York

FROM:     LISA K
          Lisa Santana Fox   SANTANA FOX   Digitally signed by LISA K SANTANA FOX Date: 2025.06.26 15:59:18 -04'00'
          Director, Fines, Penalties and Forfeitures Division
          Washington, DC

SUBJECT:  Supplemental Petition – Case No.: 2023-0901-000508-01
          Anson Whitted

This is in response to your referral of a supplemental petition submitted by Mr. Anson Whitted
(Petitioner) in the above referenced case.

On July 14, 2023, Homeland Security Investigations (HSI) Agents assigned to the Buffalo Border
Enforcement Taskforce (BEST) assisted the Erie County, New York Sheriff's Office in executing a
search warrant at 98 Carl Road, Right Apartment, Grand Island, New York 14072. Anson Whitted
was arrested and Agents seized $5,350 U.S. currency, two (2) rifles, three (3) pistols, approximately
224 grams of cocaine, approximately 50 grams of fentanyl, and a white gold Jesus necklace with
diamonds pursuant to Title 18 United States Code (U.S.C.) Section 981(a)(1)(C), 18 U.S.C. §
1956(c)(7), 18 U.S.C. § 1961(1), proceeds of unlawful activity and 21 U.S.C. § 881(a)(6), 21 U.S.C.
881(b), proceeds traceable to controlled substances . The firearms were held by the Erie County
Sheriff's Office and the currency and necklace were held by HSI. On August 8, 2023, a Notice of
Seizure and Information to Claimants - CAFRA was sent to Mr. Whitted at the Erie County
Correctional Facility.

On September 13, 2023, your office received the original petition and signed Election of
Proceedings from Mr. Whitted requesting that CBP consider his petition administratively before
commencing forfeiture proceedings on the $5,350 U.S. currency and white gold Jesus necklace, and
a signed CAFRA Claim Form requesting that CBP refer his case for court action. On September
15, 2023, your office sent a letter to Mr. Whitted informing him that he had selected two conflicting
options and that the time to file a CAFRA Claim had expired. Your letter further explained that the
request would be processed as a petition and requested financial documents or receipts to support
Mr. Whitted's claims that the currency and necklace were derived from legitimate sources. On
October 25, 2023, your office received a letter from Mr. Whitted explaining that he was
incarcerated and that the claim was submitted to the U.S. postal system timely, that he was
representing himself "pro se," and requesting an attorney because he could not afford one. In his
petition, Mr. Whitted stated that he did not understand why his property was in the custody of U.S.

Supplemental Petition – 2023-0901-000508-01
Anson Whitted
Page 2

Customs and Border Protection when it was seized pursuant to a warrant by the Erie County
Sheriff's Department. He stated that the property was obtained legally, purchased with money he
obtained through working and through selling a few cars that he previously owned. He stated that
due to being incarcerated he was unable to obtain receipts for the car sales, but that he did have a
receipt for the necklace that he would be sending. He stated that the currency was to cover his
living expenses and that he lost his home and is facing bankruptcy due to high credit card debt and a
car payment that he is unable to cover. He further stated that he is the father of five (5) children.
On February 13, 2024, a petition decision was issued denying relief from forfeiture.

On March 4, 2024, your office received the supplemental petition from Mr. Whitted requesting
remission of the $5,350 U.S. dollars and the white gold Jesus necklace with diamonds. He stated
that in 2020, when the necklace was purchased, his then-wife was a retired U.S. military veteran
who received $4,000 per month from the U.S. government and an additional $800 per month from
rental property and that in 2023 he worked as a freelance salesman of high-end used cars, and that
he sold up to four (4) cars per month at an average profit of $2,500, resulting in a monthly income
of $7,500 to $10,000 monthly. He stated that the necklace was purchased in 2020 from lawfully
obtained savings and that the $5,350 U.S. currency that was seized was funds from his income as a
high-end car seller. Mr. Whitted stated that the weapons and narcotics that were seized from his
home did not belong to him but to an unnamed associate who had asked to store them there because
he was fearful that law enforcement was closing in on his stash house. Mr. Whitted concluded by
stating that there is no legal basis for his property to have been transferred to U.S. Customs and
Border Protection for potential federal forfeiture proceedings and that because the property was
derived from lawful activities, it must be returned to him.

Upon careful review of the case file, it is my finding that the violation occurred. The Petitioner has
failed to provide any evidence of the legitimate source of the seized currency or of the $15,172.41 paid
to Prudential Jewelers in 2020 for the white gold Jesus necklace with diamonds. A preponderance of
evidence indicates that the property is connected to the controlled substances that were discovered in the
Petitioner's home during execution of the search warrant. Consequently, it is my decision to deny
remission of the currency and necklace, and I hereby affirm your decision issued on February 13, 2024.
The supplemental petition is denied.

Please advise the Petitioner of my final supplemental petition review that constitutes compliance with
Title 19, Code of Federal Regulations, Section § 171.62(a) as a review by the "designated Headquarters
official" which exhausts the administrative process and include a copy of this decision in your
notification.

Mr. Anson C. Whitted
23-B-5062, Attica C.F.
639 Exchange St. Rd.
Attica, N.Y. 14011
Aygust  7ᵗʰ, 2025


United State Courthouse
Western District of New York
68 Court Street
Buffalo, N.Y. 14202

Re: Whitted v. U.S. Customs and Border Protection

Dear Clerk of the Court:

    In regards to the above-referenced matter, for filing,
please find the Civil Complaint related thereto.

    I would like for the U.S|| Marshall's to perform the needed
service, and if there's a filing fee required for complete
processing, please send me the necessary papers so I can
effectuate same.

    Thank you and I look forward to your response.


                        Very truly yours,

                        Anson C. Whitted


cc:file/acw.

Anson Whitted # 23B5062
Attica Corr. Fac.
   P.O. Box 149
Attica, NY 14011-0149

ATTICA    08/08/2025    CLASS MAIL
US POSTAGE    $003.28
CORRECTIONAL FACILITY    ZIP 14011
041M11471730
Free Legal Mail
Postage

USDC - WDNY
AUG 12 2025
BUFFALO

Clerk of The Court
United States Courthouse
Western District of New York
   68 Court Street
Buffalo, NY 14202

Legal Mail